# EXHIBIT C

1  A-108243

8           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA ) | |
| Plaintiff ) | |
| vs ) | CR-14102 |
| ROBERT GEORGE COTE, JR. ) | PROBATION OFFICER'S |
| Defendant ) | POST-SENTENCE REPORT |

LEGAL STATUS:

On October 20, 1976, an Information was filed charging the defendant with violation of Section 187 of the California Penal Code (Murder), a felony. The Information further set forth a special allegation pursuant to provisions of Section 190.2 of the California Penal Code. On that same date, the defendant entered a plea of not guilty and denied the special allegation, whereupon the matter was set for jury trial on January 10, 1977. On December 16, 1976, the defendant entered an additional plea of not guilty by reason of insanity, whereupon doctors were appointed to examine the defendant, with hearing being set for December 30, 1976. On December 30, 1976, the matter was set off Calendar and rescheduled for jury trial on January 24, 1977. Further, the allegation of special circumstances as prescribed in Section 190.2 of the

1  California Penal Code was stricken. On January 13, 1977, the matter was
2  continued for jury trial to January 31, 1977. On that date, the trial commenced
3  and on February 2, 1977, the defendant waived jury trial and requested trial by
4  Court. On February 24, 1977, the Court found the defendant guilty as charged
5  and fixed the offense in the first degree. The Court further found that the
6  defendant was sane at the time of the commission of the offense. The defendant
7  thereupon waived referral to the Probation Officer whereupon probation was
8  ordered denied and the defendant was sentenced to State Prison for the term
9  prescribed by law. The matter was thereupon referred to the Probation Officer
10 for post-sentence investigation and report.
11      The defendant is presently in custody (Mr. Coty was booked in this matter
12 on September 17, 1976, and remains incarcerated; having served 159 days in the
13 custody of the Sheriff of Riverside County as of the date of sentencing), and
14 is represented by the Public Defender.
15 PERSONAL DATA:
16      The following information is based upon the statements of the defendant
17 when interviewed by the Probation Officer.
18      Address:  3537 McKinzie, Riverside, California.
19      The defendant advised that this is the residence of his mother, and stated
20 that he would live with her upon his release from custody.
21      The defendant is a 20 year old, single, Caucasian male born in Meridan,
22 Connecticut, on November 17, 1956. He is the third of seven children born to
23 the union of Robert and Doris Cote. The defendant stated he has not seen his
24 father for approximately two years, and indicated that his parent's separated
25 approximately six years ago. Although never married, the defendant claims to be
26 engaged to Rona Allee. He stated that he has fathered one child out of wedlock
27 That child, Robert Cote the third, is now six years of age, and lives in Arizona
28 with his mother, Kim Hanna.

-2-

1     The defendant stated that he dropped out of high school after completion
2 of the 10th grade to join the United States Army. He related that he entered
3 the United States Army in May of 1974, being honorably discharged in October of
4 1974. He stated that his discharge resulted from a conflict he had with a
5 Sergeant. With respect to employment history, the defendant stated that he has
6 mostly worked in car washes and gas stations. He related that the longest time
7 of employment he ever held was for Deans Custom Furniture, Riverside, where he
8 worked for approximately three and one half months. This job terminated with
9 the defendant's arrest in this matter. He considers his health as good and
10 suffers from no physical handicaps. The defendant stated that he is an alcoholic
11 and claims to have been attending Alcoholic Anonymous while in custody. He
12 expounded on his rather extensive history relating to control substances,
13 indicating that he has used marijuana, heroin, cocaine, reds, whites, yellow
14 jackets, PCV, and miscellaneous other substances. Specifically, the defendant
15 began using marijuana at age 13, and stated that he has used that substance on
16 a daily basis since age 14. He began "snorting" heroin approximately two years
17 ago, but has not used that substance for the past six months. He related a
18 similar pattern of use for cocaine. As to other forms of controlled substances,
19 the defendant stated "I used them mostly everyday". His hobbies include footbal
20 baseball, weight lifting, and wrestling. He expressed an affiliation with the
21 Catholic faith.
22 PRIOR CONVICTIONS:   (SS #562 06 5131)
23     According to transcripts received from the California Bureau of
24 Identification, the following represents the defendant's prior conviction histo:
25 11-4-75     P.D. BURBANK        459 P.C.          CONV. 484 PC,
26                                 (BURG.)           MISD., 2 YRS. SUMM.
                                                    PROB. 2 DS. JL.,
                                                    $125.00 FN.
27
28     In addition to the above entry, the defendant advised that he sustained a

-3-

rather recent conviction for Public Intoxication.

JUVENILE COURT RECORDS:

According to Records of the Riverside County Probation Department, the defendant's juvenile court's history reflects allegations for traffic matters only.

SUMMARY OF OFFENSE:

According to reports prepared by the Riverside County Sheriff Department, the following represents summary of the circumstances surrounding the offense. On September 17, 1976, at approximately 10:15 p.m., Officers of the Riverside County Sheriff Department responded to the area of Byron and Magnolia Streets, Home Gardens, reference a possible rape in progress. Upon arrival at 3821 Byron Street, Apt. #8, the Officers contacted Howard Kelly, witness. Mr. Kelly advised that a woman was being raped in the vegetable garden behind his apartment. He later reported that his dog was being taken outside when he noticed a commotion in the garden area. Upon walking to that location, the witness observed a male subject who appeared to be kneeling over a female, while beating her. He recalled seeing the victim's legs kicking upwards from the ground. He was able to give a sketchy description of the suspect, and remembered that he was wearing a light colored sleeveless T-shirt.

A check of the garden area revealed the, deceased, nude body of a female, later identified as Rose McCarthy. The victim face and head area were noted to be badly damaged and covered with blood, and her blouse had been pulled up and wrapped around her neck. Teeth marks were later observed on the victim's shoulder and breasts. The cause of death was later determined to be "aspiration of blood, due to intra oral hemorrhaging due to trauma to the face". A search of the immediate area revealed clothing, apparently belonging to the victim, and a belt on which was inscribed the name of "Bob Cote". Officers subsequently responded to the defendant's residence where Mr. Cote was found asleep in his

-4-

bedroom. A pair of dirt covered and blood soaked jeans were noted on the floor, and several spots of blood were visible on the bed sheets. Cote was aroused and placed under arrest.

At approximately 10:30 p.m., Officers located a yellow shirt with dark stripes on the ground near the intersection of Brotherton and Magnolia. This shirt was stained with blood and dirt.

At approximately 2:50 a.m., the defendant's sister and mother were interviewed. Mary Cote, the sister, recalled that Cote returned home at approximately 11:30 p.m. with a "mean looking expression on his face". She recalled that he had scratches on his forehead and that dirt and blood were visible over his clothing and body. She stated that he was not wearing a shirt. The defendant reportedly told Mary Cote that he had been drinking with her fiance and another friend and that he was left alone in the Corona area. He indicated that he was jumped by some Mexicans. Miss Cote recalled that she had not seen Cote since approximately 7:45 a.m., and that he had been wearing blue levis and a yellow tank top with dark stripes around the sleeve area.

The mother recalled that the defendant arrived home and appeared to have been in a fight. She also stated that the defendant was wearing a yellow tank top with dark stripes on each sleeve and a picture in the front. She indicated that Cote was a black belt holder in judo while in the Army. She stated that he did own a belt with his name on it.

It should be noted that the defendant made a statement to the transporting Officers while at the Riverside General Hospital, stating "I did it, I'll talk to you down town". He also is reported to have stated "All this for taking a girl out".

E. Brink, witness, was contacted. He stated that he had been working Dinky's Restaurant on the evening of the crime and had seen the victim with three young white males. He recalled that one of the suspects was extremely boisterous

-5-

1  stating that the individual was wearing a shirt as previously described. He
2  stated that another employee, Lana Jordan could give the name of this individual.
3  Mr. Brink also recalled that the victim appeared very intoxicated, upon her
4  arrival, and stated that she sat down on a bench table in front of the restaurant.
5  Three white males, one of which was later identified as being the defendant,
6  then arrived. The defendant was later seen talking to the victim.

7  Lana Jordan was contacted and provided the Officers with the defendant's
8  name. She stated that the defendant is known to her personally.

9  Officers also contacted witnesses at J.J.'s Bar, and learned that the
10 victim had been at that location on the evening in question. Witnesses indicated
11 that the victim was extremely intoxicated.

12 Gary Rogers was interviewed, and stated that he had been with the defendant
13 and Frank Cifu on the evening in question. He related that all three of them
14 had been drinking in a bar in the Grand Terrace area. They later drove in the
15 direction of the Sundowner Bar in Riverside and stopped enroute to pick up a
16 female hitchhiker with a small child. They then dropped this female off in the
17 Corona area and subsequently stopped at Dinky's Hamburger stand. While at this
18 location, Mr. Rogers recalled seeing the defendant talking with an older female
19 in front of the drive-in. The victim was identified from a photograph. Mr. Rogers
20 stated that he and Mr. Cifu decided to leave the area, but that the defendant
21 did not leave with them.

22 Two other witnesses, Michael Perez and Eleanor Lisardo indicated that they
23 had observed a lady dressed in pink pants in front of Dinky's Drive-in shortly
24 before 10:00 p.m. The defendant was observed to begin talking with this woman
25 and stated that they became increasingly familiar. He stated they were observed
26 to be kissing and hugging each other. He recalled that the female appeared to
27 pull away when the suspect would embrace her. They last seen staggering and
28 embracing as they crossed Byron Street.

-6-

The defendant was interviewed in custody and stated that he had been in a fight with two people, one Mexican and one white. Both of these individuals were reported to have had knives in their possession. The defendant recalled being at Dinky's Hamburger stand and stated that he was with a girl by the name of "Nancy". He remembers that his companions left him at that location. The defendant stated that he did have a sexual relationship with Nancy in a house, although he could not remember the location of the residence. He recalled walking and being approached by two male individuals. He stated "These two guys came at me and she split, the Nancy girl I was with she split, and one guy took a swing at her and hit her and she had some kinda, well she was bleeding cause he hit her pretty hard and then I stepped in and then she jammed". After Nancy left the location, the defendant indicated his attackers drew knives and threatened to cut him up. At this point, the defendant stated "After everything was down, after everything was cooled off, I decided well it's about time for me to hit the road". The defendant indicated that he walked some distance before hitchhiking a ride to the corner of Van Buren Boulevard and Magnolia. He then went home. The defendant stated that the next thing recalls is being awakened by authorities.

The defendant was questioned as the belt found at the scene of the offense. He stated "I took it off to use it against those guys and that's about it". The defendant stated that he could not recall anything further of the evening in question.

DEFENDANT'S STATEMENT:

The defendant was interviewed by the Probation Officer in the Riverside County Jail on February 28, 1977. According to the defendant, he recalls very little on the evening in question because "It was brought out in Court that I had an organic brain damage". According to the defendant, he only recalls that he was drinking with his friends and had taken some whites. He stated that "I take them

-7-

everyday". The defendant stated that he became highly intoxicated and recalls driving around with his friends and picking up a girl on the freeway. He later recalls stopping at a hamburger drive-in to get something to eat. He stated "The next thing I knew I was in a field. I hit these two Mexicans for calling me something, Son of a Bitch or something".

At this point, the defendant stated that a dog attacked him in the field and bit his leg. The defendant stated that he used his belt to fend the dog, but stated that he dropped the belt in the process. He then related "Next thing I knew I was looking down at what appeared to be a person. I don't know if it was a male or female. Then I heard sirens". The defendant recalls being with "a lady", and stated that he went to her house where he drank some beer and "smoked dope". However, he recalls nothing else about this person. The defendant advised the Probation Officer that "I'm not a violent person, and I don't know if I did this or not".

DATED this 1st day of March, 1977.

Respectfully submitted,

LAWRENCE F. SMITH
Probation Officer

BY: ROBERT L. SHELTON
Deputy Probation Officer

RLS:yml

RIVERSIDE COUNTY PROBATION DEPARTMENT

Probation # 108243
Inv. DPO Shelton
DMV Requested ____
CII Requested ____

Booking # ____
CII ____
FBI ____
Social Security 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
Driver's License ____
State CALIF.

Full Name Robert George Cote, Jr. AKA ____
Court Superior Dept. ____ Court # ____ Judge ____
Trial Date ____ R&S Date Post Sentence Original Charge 187 PC
Present Charge 187 PC Guilty By TRIAL Co-defendant ____
Arresting Agency RSO Attorney PD Phone # ____
Days in Custody ____ ☐ Bail S ____ ☐ O.R. ☒ In Custody

## IDENTIFICATION

Address: 3537 McKinzie
City Riverside Zip ____ Phone # None Home ____
Age 20 DOB 11-17-56 Place Mednen, Corona Height 5' 6" Weight 205
Eyes HZL Hair BRN Special Marks (Scars, Tattoos, etc.) Numerous
U.S. Citizen ☐ Yes ☐ No; Registration # ____
Date in U.S. ____ In State ____ In County ____
Previous Residence ____

## FAMILY DATA

Father Robert Cote-two years. hasn't seen him for Separated 6 years ago
Age ____ Deceased ____ Year ____ Cause ____
Address ____ Occupation ____ Divorced ☐ Yes ☐ No No. of Times ____
Mother Doris E. Cote Age ____ Deceased ____ Year ____ Cause ____
Address as above Occupation ____ Divorced ☐ Yes ☐ No No. of Times ____

Siblings:  Name                Age                    Address
4 sisters            defendant is third
2 brothers

Defendant is engaged Rona Allee
Married: ☐ Yes ☐ No ☐ Divorced ☐ Separated ☐ Widowed
Present Spouse (Maiden Name) ____ Age ____
Occupation ____ Date of Marriage ____
Address ____

Children Resulting from Above Marriage:
Name    Sex    Age    Custody    Supported By

Previous Marriages:
Spouse's (Name    Date and Place    How Terminated    Date and Place

Children Resulting from Prior Marriages:
Name    Sex    Age    Custody    Supported By
Robert A. Cote the III    M    6    Kim Hanna    Arizona

A-236

## EDUCATION

Highest Grade Completed __10th__ H.S. Graduate ☐ Yes ☒ No
☐ GED   High School Attended _____ College Education _____
Hours/Year _____ Major _____ Degrees _____
College Attended _____ Trade/Occupational Schools _____

## EMPLOYMENT RECORD

Last or Present Employment __Deans Custom Furniture__  Address __Riverside: longest job__
Type of Work __made furniture__  Salary _____ Began __3 1/2 mont[hs]__
Stopped _____ Why? __Arrest__
Previous Employers     Address     Type of Work     From/To     Salary     Why T

__Car Washes__
__Gas Stations__

Military Service:
Branch __U.S.A.__  From __May 22, 1974__ To __Oct. 1, 1974__ Type of Discharge __Honorable__
Highest Grade _____ Draft Status/Classification _____
Draft Board _____

## FINANCIAL STATUS

Defendant's Income _____ Spouse's Income _____
Other _____ Welfare ☐ Yes ☐ No
Welfare # _____ Amount Received _____ Since _____
Defendant's Debts/Expenses: Rent/Payments _____ Auto _____ Medical _____
Legal Fees _____ Fines _____ Child Support _____ Other _____
Total Income _____ Total Expenses _____

## HEALTH

Present Health __Good__  Handicaps/Ailments __None__
Treatments _____ Doctor _____
Habits: Liquor ☒ Yes ☐ No  Amount _____ Alcoholic ☐ Yes ☐ No
Attend A.A. ☒ Yes ☐ No  Where __in jail__ Since _____
"yes I'm an alcoholic"
Drugs/Narcotics History:
Type Used         Age 1st Used       Date Last Used        Amount Used
Kenebenal                                                  everyday since 14
Marijuana         13 years
Heroin            snorts 2 years ago    6 months ago
Codaine PCV, Reds, Whites, Yellow Jackets-mostly an everyday thing
Addict ☐ Yes ☐ No  When _____ Treated ☐ Yes ☐ No
Where _____ By _____ Daily Cost of Habit $ _____

## INTERESTS/HOBBIES/GOALS

Hobbies __Football, baseball, weight lifting, and wrestling__
Church/Organizations __Catholic__
Goals (Education, Employment, Etc.) _____

## ADDITIONAL INFORMATION

PD Burbank 2 DS. + Rest.   1974

Prior Convictions:  ☐ Yes  ☐ No   ☐ Felony      ☐ Misdemeanor
Convicted of:       ☐ Vehicle Code  ☐ Penal Code  ☐ H&S  ☐ W&I
Juvenile Record     ☐ Yes  ☐ No

Comments: _____

References: _____

Information Taken [by]
Date _____