# EXHIBIT F

Original

MC-275

Name ___Robert G. Cote'_____

Address ___B81066 /4N83L_____

___San Quentin, CA 94974_____

_____

CDC or ID Number ___B81066_____

F I L E D

SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

OCT 26 2006

___Riverside County Superior Court___

___Iny For the State of California___
(Court)

___Robert G. Cote'___

Petitioner

vs

___San Quentin State Prison___
___Warden Ornoski*___

Respondent **Mr Ayeis is the new Warden**

PETITION FOR WRIT OF HABEAS CORPUS

No. ___RIC459415___
(To be supplied by the Clerk of the Court)

## INSTRUCTIONS – READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form before answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Form Approved by the
Judicial Council of California
MC-275 [Rev. January 1, 1999]

PETITION FOR WRIT OF HABEAS CORPUS

Page one of 3
Penal Code, § 1473 et s
Cal. Rules of Court, rules 56.5, 20

This petition concerns:

☐ A conviction                    ☒ Parole

☐ A sentence                      ☐ Credits

☐ Jail or prison conditions       ☐ Prison discipline

☒ Other (specify):  Parole Hearing Denial

1. Your name:  Robert G. Cote

2. Where are you incarcerated?  San Quentin State Prison

3. Why are you in custody?  ☒ Criminal Conviction  ☐ Civil Commitment

Answer subdivisions a. through i. to the best of your ability.

a. State reasons for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   1st Degree Murder

b. Penal or other code sections:  PC 187

c. Name and location of sentencing or committing court:  Riverside County Superior Court

   Riverside, CA

d. Case number:  # 14102

e. Date convicted or committed:  12 / ? / 1976

f. Date sentenced:  12 / ? / 1976

g. Length of sentence:  7 years to life

h. When do you expect to be released?  Unknown; Lifer

i. Were you represented by counsel in the trial court?  ☒ Yes.  ☐ No.  If yes, state the attorney's name and address:

   Jack Early; Riverside County Public Defender

4. What was the LAST plea you entered? (check one)

   ☒ Not guilty  ☐ Guilty  ☐ Nolo Contendere  ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   ☐ Jury  ☒ Judge without a jury  ☐ Submitted on transcript  ☐ Awaiting trial

6. **GROUNDS FOR RELIEF**

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." (If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)

Petitioner is unlawfully restrained of his liberty in that the decision by the Board of Prison Terms to deny him parole for the eighth time was an abuse of discretion insofar as the Board had no reliable, relevant or material evidence that he posed an "Unreasonable Risk" of Danger to society if released at this time.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. If necessary, attach additional pages. CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See In re Swain (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: who did exactly what to violate your rights at what time (when) or place (where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

A. Pursuant to Penal Code Section 3041, Petitioner must be granted a Parole Release Date.

B. Criteria for Parole was Achieved by Petitioner.

C. A decision to deny parole must be supported by "Some-Evidence".

D. The decision to find Petitioner unsuitable for parole is an abuse of discretion and violates Due process; Petitioner must be granted a parole release date:

   1. The decision is not supported by any Relevant or Material Evidence.

E. The Board's application of a "no-parole-policy," renders every decision Arbitrary and Capricious And deprives Petitioner of his Constitutional Right to a fair and impartial decision-maker.

F. The failure of the Board to apply the correct standards of assessment in their deliberations violates Due Process and Equal Protection of the law.

b. Supporting cases, rules, or other authority (optional):

(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)

U.S. Constitution, 14th Amendment; Due Process/Equal Protection
C.A. Constitution Article 1 Section 7; Due Process Equal Protection
2005 L.A. County Case # BH003082; 2004 Parole Hearing Petition (Same Grounds)
See Continuation Cites on Page 4a; Table of Authorities Page (Exhibit-H)

6. GROUNDS FOR RELIEF

Ground 1: State briefly the ground on which you base your claim for relief. (For example, "the trial court imposed an illegal enhancement.") If you have additional grounds for relief, use a separate page for each ground. Page 4 is designed so you can state ground 2. For additional grounds, make copies of page 4 and number the additional grounds in order.

The Board of Prison Terms (BPT) is continuing to deny parole through the sole use of the Committing Offense & prior non-criminal/prison conduct without real evidence that I am a current "Unreasonable Risk to Public Safety," that is supported by the record; manipulating the facts of the hearing through lies, distortion & omission resulting in a finding of unsuitability.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. If necessary, attach additional pages.

CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See In re Swain (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: who did exactly what to violate your rights at what time (when) or place (where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

The record will show that the BPT abused their discretion in making findings not supported by the record. I did not get a fair hearing. By the actions stated in the grounds above they manipulated all the evidence supporting a finding of suitability, see record, while their manipulations are not because they are relying solely on the committing offense and prior non-criminal conduct. These factors violate my Constitutionally protected Due Process And Liberty Interest rights & illustrates that the BPT has abused their discretion And did not conduct a fair hearing. The BPT is using "boiler-plate" issues, not supported by, and clouding the real issue. The BPT wants to rely solely on the committing offense & prior non-criminal conduct as allowed under the CA Supreme Court Rosencrantz decision but is having a difficult time getting around the Liberty Interest Rights granted under the 9th Circuit, so they have to cloud the issue & record.

b. Supporting cases, rules, or other authority (optional):

(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)

State & Federal Due Process, Liberty Interest & Equal Protection, CA Penal Code, CA Code of Regulations, Supt v. Hill, In Re George Scott, In Re Rosencrantz, In Re Liza Braun, Biggs v. Terhune, Biggs v. Terhune 334 F3d 910/914 (9th Cir 2003)

7. Ground 2 *(if applicable)*:

The BPT failed to "Actually" consider all of the relevant reliable information in the proper manner Per CCR2402(b); Mental Health & Counselor reports of Risk Assessment, P.C. 3042 Notices supporting or not opposing parole, prison conduct & rehabilitation etc.. Beyond the committing offense & prior non-criminal conduct there is no, supported by the record, current risk to the public if released on parole.

a. Supporting facts:

The BPT merely went through the motions without "Actually" considering all the information. This consideration should Really go beyond just stating that you did so. The BPT has Abused it's discretion in claiming that the committing offense & prior non-criminal prison conduct, and prior to the incarceration conduct; all & changeable factors, that would outweigh all of the factors supporting parole. Mental Health & Counselor Evaluations & Risk Assessments, work, behavior, self Help groups, parole plans, etc... The weighing process, not Standardized, is an Equal Protection violation. Even though the BPT acknowledged the positive, it is just as obvious they weren't "actually" considering them as factors of Suitability. The BPT didn't "Actually" consider me eligible for parole & that parole (according to the intent & spirit of the process, PC 3041(b)) should be granted unless I am a current unreasonable risk to public safety. They instead substituted their "boiler-plate" grounds for denial for an "Actual" determination that is both supported by the record and within the intent & spirit of the process.

b. Supporting cases, rules, or other authority:

State & Federal Due Process; Liberty Interest & Equal Protection, CA Penal Code, CA Code of Regulations, Supt v. Hill, In Re George Scott, In Re Rosencrantz, In Re Liza Braw, Bickley v. Terhune, Biggs v. Terhune 334 F3d 910/914 (9th Cir 2003)

Ground 2 or Ground __3__ (if applicable):

The BPT violated my Constitutional Rights in it's reliance on the "Some-Evidence" Quantum of Evidence Doctrine when it used the Committing Offense, prior-conduct (to incarceration) & prior prison non-criminal conduct to make a finding that I was An Unreasonable risk to public safety if released on parole

a. Supporting facts:

When all of the evidence is examined, the BPT used the above, as the sole evidence, factors to make A finding of unsuitability. Although the authority to do so has been upheld under California Supreme Court's Rosencrantz Decision), it also violates the Liberty Interest ruling in the 9th Circuits Biggs v. Terhune decision. The "Some-Evidence" Doctrine there fore violates my Liberty Interest & the Quantum of Evidence must be increased to At least Substantive-Evidence (defined as enough to convince a reasonable person). The "Some-Evidence" (under Supt v. Hill, that was introduced the 1st time during "In Re Powell's" parole hearing having been used ever since) Doctrine should not apply in a parole suitability hearing because the argument posed during Supt. v. Hill is not the same in a parole hearing as it was in a/the disciplinary hearing. The Supt had a violent prison to control & Hill's Liberty Interest was very small. I this parole hearing situation, there is no violent prison that needs immediate control, the Petitioner's Liberty Interest is much greater there has been    20 years to document evidence either to rule for or against suitability. Mental Health & Counselor reports, prison behavioral evidence poll, rehabilitative efforts And parole plans, ect since school release plans if family support is available

b. Supporting cases, rules or other authority

State & Federal Due Process, Liberty Interest & Equal Protection, CA Penal Code, CA Code of Regulations, Supt. v. Hill, In Re George Scott, In Re Rosencrantz, In Re Liza Brown), Buckley v. Terhune, Biggs v. Terhune 334 F3d 910/914 (9th Cir 2003)

CONCLUSION SHEET

It is because of "all" the above grounds that I believe that the hearing was not fair nor unbias (or impartial). The Defendents have violated my Federal & State Constitutional Right to Due Process; Liberty Interest & Due Process & have acted against the intent & spirit of the process. The BPT manipulated the facts of this, and all, hearing through lies, distortion & ommission, they failed to "Actually" consider anything beyond their use of the Committing Offense, pre-conviction Conduct & non-criminal post-conviction conduct, the use of these factors was an inappropriate (Quantum of Evidence) Application of Some-Evidence under Supt v. Hill which intended use was approved for the Prison Disciplinary & not Parole Hearing Process. The BPT failed to responsibly use their discretion, within the intent & spirit of the process, to weigh all of the relevant reliable evidence (supported by the record) & render a decision that I was or was not a Current Unreasonable Risk to Public Safety. This has and continues to violate my rights and its requested by this Petitioner that this Court grants Motion for Appointment of Counsel, orders an Evidentiary Hearing and Grants Relief.

8. Did you appeal from the conviction, sentence, or commitment?   ☒ Yes. ☐ No.  If yes, give the following information:

   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

   _Court of Appeal_

   b. Result: _Denied_  c. Date of decision: _1977_

   d. Case number or citation of opinion, if known: _Unknown_

   e. Issues raised: (1) _Ineffective Assistance of Counsel_

   (2) _Circumstances of the case_

   (3) _____

   f. Were you represented by counsel on appeal? ☒ Yes. ☐ No.  If yes, state the attorney's name and address, if known:

   _State Defender's Office - Riverside, CA_

9. Did you seek review in the California Supreme Court?   ☐ Yes. ☒ No.  If yes, give the following information:

   a. Result: _____  b. Date of decision: _____

   c. Case number or citation of opinion, if known: _____

   d. Issues raised: (1) _____

   (2) _____

   (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

   _This Appeal pertains to a denial of parole._

11. Administrative Review:

   a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal. App.3d 500 [125 Cal. Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

   _Administrative Review (BPT-1040) Repealed 5/2004._

   b. Did you seek the highest level of administrative review available?   ☒ Yes. ☐ No.
   *Attach documents that show you have exhausted your administrative remedies.*

Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☐ Yes. If yes, continue with number 13. ☒ No. If no, skip to number 15.

a. (1) Name of court: _____

(2) Nature of proceeding (for example, "habeas corpus petition"): _____

(3) Issues raised: (a) _____

(b) _____

(4) Result (Attach order or explain why unavailable): _____

(5) Date of decision: _____

b. (1) Name of court: _____

(2) Nature of proceeding: _____

(3) Issues raised: (a) _____

(b) _____

(4) Result (Attach order or explain why unavailable): _____

(5) Date of decision: _____

c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

N/A

Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

None

Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

N/A

Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:

N/A

If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

N/A

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: _10-20-06_                    ▶ _Robert Cote_
                                    (SIGNATURE OF PETITIONER)

Exhibit 5 - Superior Court
# Table of Contents

A - Mental Health Reports - Refer to Exhibit-C Transcript

B - Correctional Counselor Reports

C - Parole Hearing Transcripts

D - Superior Court Documents (for future Use)

E - Appeals Court Documents (for future Use)

F - CA Supreme Court Documents (for future Use)

G - U.S. District Court Documents (for future Use)

H - Table of Authorities

Exhibit-A — Unavailable

## LIFE PRISONER EVALUATION REPORT
## SUBSEQUENT PAROLE CONSIDERATION HEARING
## APRIL 2006 CALENDAR

*(handwritten: same?)*

*(handwritten: 3hr. interview + in-depth discussion of commitment offense)*

I. **COMMITMENT FACTORS:**

A. **Life Crime:**

*(handwritten: discip. free since arrival @ SQ. (pg. 5))*

*Count one:*

| | |
|---|---|
| Weapon (s): | Murder 1st, PC 187 |
| | None |
| Victim (s): | Rose McCarthy, age 49 |
| County, Case#: | Riverside County, Case #CR-14102 |
| Sentence: | 7 years to life |

Minimum Eligible Parole Date:  September 18, 1983
Received in CDCR:  March 3, 1977

*(handwritten: pg. 5 = 2003 2yr. stipulation)*

1. **Summary of Crime:**

According to reports prepared by the Riverside County Sheriff's Department as related to the Post Sentence Probation Officer's Report dated March of 1977:

On September 17, 1976, at approximately 10:15 p.m., officers of the Riverside County Sheriff's Department responded to the area of Byron and Magnolia Streets on a call by a witness of a possible rape in progress. Upon arrival at 3821 Byron Street, Apt. 38, they met with witness H. Kelly, who advised them that a woman was being raped in the vegetable garden behind his apartment. The witness reported that as he was taking his dog outside, he noticed a commotion in the garden area. As he approached the area, he observed a male subject, who appeared to be kneeling over a female, while beating her. He also recalled seeing the victim's legs kicking upwards from the ground. He was able to give a sketchy description of the suspect and the clothes he was wearing.

A check of the garden area revealed the deceased nude body of a female, later identified as Rose McCarthy. The victim's face was badly damaged and covered in blood and her blouse had been pulled up and wrapped around her neck. Teeth marks were later observed on her shoulder and breasts. The cause of death was determined to be "aspiration of blood, due to internal oral hemorrhaging due to trauma to the face." A search of the immediate are revealed clothing, apparently belonging to the victim and a belt with an inscribed name of "Bob Cote". Officers subsequently responded to the defendant's residence where Cote was found asleep in his bedroom. A pair of dirt covered and blood soaked jeans were found on the floor and several spots of blood were visible on the bed sheets. Cote was placed under arrest.

COTE, ROBERT    B-81066    BPH, SUB HRG #11    CSP-SQ    APRIL 2006

PAGE 1 OF 10

In addition, officers located a yellow shirt with dark stripes on the ground near the intersection of Botherton and Magnolia. The shirt was stained with blood and dirt.

On October 20, 1976, Cote entered a plea of not guilty and denied the special allegations. On December 16, 1976, Cote entered an additional plea of not guilty by reason of insanity, whereupon, doctors were appointed to examine him.

On February 2, 1977, Cote waived jury trail and requested trial by court. On February 24, 1977, the court found Cote guilty of murder as charged and fixed the offense in the First Degree. The court further found Cote was sane at the time of the commission of the offense.

OFFENSE SUMMARY

2.    **Prisoner's Version:**

The following prisoner's version was provided by Cote on 3/9/06:

"On the morning of September 17, 1976 my sister's boyfriend, Frank Cefu (the spelling of his last name may not be current) picked me up, so I could work with him. We were tearing down this building. Towards mid-morning, the temperature was getting very warm. Frank went across the street to his car and brought the cooler, which was full of beer, back to where we were working. We drank a lot. I believe the combination of the hot temperature and the beer increased the affect of the alcohol. I know I was intoxicated because I remember slurring my speech and not walking straight. By the time I had eaten lunch I felt better. The rest of the day went like business as usual although I could still the effects of the alcohol. Sometime in the evening a car came pulling up to the work site. I recognized the man in the car as Steve because I had seen him two or three times before. Steve was the local heroin dealer. Steve talked to Frank for a while. After Steve left, Frank came up to me and said Steve was going to get us some dope. Steve came back and dropped off Reds and Speed. We cruised the rest of the day high as hell. Frank suggested we go to a local bar. I drank some more beer even though I knew I was high off the Reds and Speed. I was so messed up. I had never been that messed up before. Steve came into the bar. Frank and Steve talked alone once more. Frank asked if I wanted to do some heroin, I said hell yea! I went to the restroom to slam my fix. When I returned, Frank said he was going to pick up more heroin and asked if I wanted to go. I said, "Yea!" We left the bar on the way to get the heroin. On the way to the connection, we ate at a hamburger/burrito stand. I was so drunk and wasted from the dope and alcohol, I vomited. Steve left and when he returned he was so mad. He said the connection burned us. I asked Steve where was this person who stole from me. Steve said in a very loud voice, "Look over there, that was the connection." It was a woman. I walked up to her and asked her where was my money. I talked to this woman for a while. She said, "Come with me and I will get your money." Frank, Steve, and I walked across the street with her. Frank

stopped and turned to leave. I asked him where was Steve. Frank left. Someone hit me on the back of my head. I fell to the ground. I got up looking for who hit me and fought back. The person went down. Before I could regain myself, I was hit from behind again. When I finally focused again, I came up on my knees, stood up and I fell. I go up again and turned to look behind me and I saw the lady who I had been talking to lying on the ground. I heard sirens and I ran."

3. **Aggravating/Mitigating Circumstances:**

a. **Aggravating Factors:**
   - The victim was vulnerable due to her intoxicated state.
   - Cote had an opportunity to cease, but continued with the crime.

b. **Mitigating Circumstances:**
   - Cote was under the influence of alcohol and drugs.

## II.    PRECONVICTION FACTORS:

### A.    Juvenile Record:

According to Riverside County POR, page 4, Cote's juvenile record consisted solely of traffic violations.

### B.    Adult Convictions:

| 11/04/75 | Conviction for PC 459, Burglary (misdemeanor) | Sentenced to 2 years of probation, 2 days county jail, and $125 fine. |

### C.    Personal Factors:

Cote is the third child of seven children born to Robert and Doris Cote. Cote indicated that his parents separated when he was approximately 14 years of age. Cote was described to have had a chaotic childhood due to his father's drinking problem and physical abuse. Cote said he has fathered one child, Robert Cote, who lives with his mother Kim Hanna in Arizona. Cote stated he dropped out of high school after completing the 10th grade to join the United States Army in May of 1974. He indicated he was honorably discharged in October 1974. His work history consisted mostly of working in car washes and gas stations. He indicated his longest time of employment was for Dean's Custom Furniture in Riverside, California, which terminated with his arrest for the current offense. Cote stated he was an alcoholic. He expounded on his rather extensive history relating to controlled substances, indicating he used marijuana, heroin, cocaine, reds, whites, yellow jackets, PCP, and miscellaneous other substances. He began using marijuana at the age of 13 and on a daily basis since age 14. He began "snorting" heroin at age 18, but stopped using it about 6 months prior to the commitment offense. He indicated a similar pattern of cocaine abuse.

COTE, ROBERT          B-81066      BPH, SUB HRG #11       CSP-SQ      APRIL 2006

PAGE 3 OF 10

## III.   POSTCONVICTION FACTORS:

### A.   Custody History:

| | |
|---|---|
| 03/03/77 | Cote began his incarceration at California Institution for Men (CIM) Security Housing Unit (SHU) due to the nature of the offense. |
| 04/07/77 | He was transferred to California Medical Facility (CMF). |
| 03/15/79 | He was transferred to California Men's Colony-East (CMC-E). His Initial Board of Prison Hearings (BPH) was held on 8/27/82. Parole was denied for one year. On 11/30/83, during his Subsequent BPH #1 parole was denied for two years. On 4/11/86, parole was denied for 2 years during his Subsequent BPH #2. His 4/88 Subsequent BPH #3 was postponed on 4/26/88, but held on 3/24/8 as Subsequent BPH 4. Parole was denied for one year. Parole was denied for 2 years again on 3/26/90 during his Subsequent hearing # 5. His Subsequent BPH #6 was held on 4/1/92. He received a 2 year denial. |
| 09/18/92 | Cote was transferred to Mule Creek State Prison (MCSP) due to population concerns at CMC-E where he remained until his transfer to California Training Facility (CTF). His custody remained at Med AR and he was placed on the support services waiting list during his Initial Review on 9/23/92. On 3/9/93 during his Annual Review he was placed on the Education waiting list. On 9/14/93 during a Program Review Cote UCC recommended Cote be non-adversely transferred to CRC or RJD due to family hardship. |
| 10/25/93 | He was transferred to California Training Facility (CTF) due to family hardship and continued his program at Med AR custody. His Annual Review was held on 3/9/94. UCC recommended a review by the CSR for Level II placement. His next Annual Review was held on 2/28/95. His program was not modified. Subsequent BPH # 7 was held on 3/21/94. Parole was denied for 2 years. His Post Board Review was held on 4/29/94. UCC acted to retain him at Level II, continue present program. On 5/17/95, UCC recommended an adverse transfer to San Quentin or Folsom State Prison. Cote was endorsed to Ironwood State Prison (ISP). |
| 06/16/95 | Transferred to Ironwood State Prison (ISP). His Initial Review was held on 7/11/96 within the Administrative Segregation Unit(AdSeg). He was recommended for transfer to CTF-II/SQ-II on 10/8/96. He remained in AdSeg at ISP until he was transferred to CTF--AdSeg. His Subsequent BPH # 8 was held on 9/17/96. Parole was denied for 3 years. |
| 11/06/96 | He was received at California Training Facility's (CTF) AdSeg unit. He was released to the general population on 11/14/96. His Annual Review was held on 3/28/97. His program was unchanged. He was placed back into AdSeg on 5/1/97 and was recommended for an adverse transfer to CMF/LAC III. |

COTE, ROBERT      B-81066      BPH, SUB HRG #11      CSP-SQ      APRIL 2006

PAGE 4 OF 10

**A.**    **Custody History:** *con't*

7/10/97    His Initial/Annual Review was at CSP-Solano was held on 7/22/97. His Annual Reviews were held on: 7/31/98, 3/23/99, 3/28/00, 3/15/01, 3/21/02, and 5/15/03. His program was not altered. He was recommended for transfer to San Quentin-II/Folsom State Prison II during his 5/15/03 Annual Review. His Subsequent BPH # 9 was held on 3/14/00. Parole was denied for 3 years. Subsequent BPH # 10 was held on 4/16/03. Cote stipulated during at the time the hearing was to convene and received a 2 year denial of parole.

6/17/03    Cote was received at San Quentin State Prison as a non-adverse transfer from CSP-SOL. His Initial Review was held on 7/2/03. He was placed on the Prison Industry Authority PIA) waiting list. His custody remained at Med AR. Cote's Annual Reviews were held on 2/26/04, 2/3/05, and 2/1/06 with no changes to his program noted at the last review.

Cote has performed numerous jobs since his incarceration to include: porter, inner warehouse worker, yard crew, vocational shoe repair, knitting millinery, clothing distribution, gym worker, work crew member, quad and Captain runner, laundry, P.I.A., meat cutting, carpentry maintenance carpentry, line server, and currently P.I.A. sewing machine operator. Although he has a negative disciplinary history, he has remained disciplinary free since his arrival at San Quentin. His work history indicate a satisfactory to excellent work habits and skill level.

**B.**    **Therapy & Self Help Activities:**

02/05/81 – 05/18/81    Participated in Occupational Therapy for Divertional Craft Activities

11/30/81 – 07/28/82    Participated in Group Therapy

02/01/83    Completed a four-week program in Beginning Stress Management and Relaxation

02/86 – 09/86    Participated in Alcoholic Anonymous

06/27/88    Completed a four-week therapy group program in Beginning Stress Management and Relaxation

08/15/88    Completed a self-help program focused on his abuse of substances that led up to his crime and adapting to a drug-free life style

08/26/88    Completed a four-week program in Advanced Relaxation Training.

08/18/88 – 11/10/88    Participated and completed a Rational Behavior Training Group program

02/20/89    Completed an eight-week program in Communication Skills Training

COTE, ROBERT    B-81066    BPH, SUB HRG #11    CSP-SQ    APRIL 2006

**B.**     **Therapy & Self Help Activities:** *con't*

| | |
|---|---|
| 05/19/89 | Participated and completed Anger Control Group Therapy |
| 06/29/92 | Completed a 24 week group therapy in Criminal Thinking |
| 01/99 – 03/03 | Participated in Narcotics Anonymous |
| 07/30/04 | Certificates of Achievement: Emergency Management Institute—Principles of Emergency Management; Hazardous Materials- A Citizen's Orientation; Decision Making & Problem Solving; Effective Communication; and, Mitigation for Homeowners |
| 12/13/04 | Certificate of Proficiency—Mattress Innerspring |
| 04/25/05 | Participated as a student in Project R.E.A.C.H. |
| 05/10/05 | Received High School Equivalency Certificate |
| 05/25/05 | Completed the "Workplace Essential Skill" training syllabus—Employment |
| 09/07/05 | Completed the "Workplace Essential Skill" training syllabus—Communication and Writing. |
| 10/05/05 - Present | Participated as a tutor for Project R.E.A.C.H. |
| 10/17/05 | Completed San Quentin's College Program Math 50 class |
| 11/14/05 | Completed the "Workplace Essential Skill" training syllabus—Math |
| 12/06/05 | Completed the "Workplace Essential Skill" training syllabus—Reading |

**C.**     **Disciplinary History:**

*CDC 115s:*

| | | |
|---|---|---|
| 06/15/79 | Transporting Contraband in Laundry Cart | Guilty. Warned and Reprimanded |
| 06/23/79 | Use of Foods | Guilty. Eight hours of extra duty, 4 hours suspended for 90-days pending no like behavior |
| 07/19/79 | Stealing Bread Dough | Guilty, 8 hours extra duty. |
| 02/14/80 | Horseplay | Guilty, one evening confined to quarters (CTQ) |
| 05/20/80 | Being in Another Inmate's Room | Guilty, 2 evenings CTQ |
| 10/02/80 | Contraband-Un-issued Property (possible weapon) | Guilty, one weekend CTQ-suspended for 30-days |
| 12/15/80 | Work Performance | Guilty, 16 hours extra duty |
| 10/02/80 | Contraband-Un-issued Property (possible weapon) | Guilty, one weekend CTQ-suspended for 30-days |
| 12/15/80 | Work Performance | Guilty, 16 hours extra duty |

COTE, ROBERT          B-81066          BPH, SUB HRG #11          CSP-SQ          APRIL 2006

PAGE 6 OF 10

**C.** **Disciplinary History:** *con't*

*CDC 115s:*

| | | |
|---|---|---|
| 12/22/80 | Conduct-Disruptive Behavior on The Yard | Guilty, 2 evenings CTQ |
| 12/30/80 | Out of Bounds | Guilty, 2 evenings CTQ |
| 01/19/81 | Conduct | Guilty, 1 evening CTQ |
| 08/26/81 | Performance | Guilty, 1 weekend CTQ—suspended for 60 days |
| 09/29/81 | Horseplay | Guilty, 5 evenings CTQ with evenings suspended |
| 10/16/81 | Out of Bounds | Guilty 1 day CTQ |
| 10/23/81 | Sexual Behavior | Guilty, 2 evenings CTQ |
| 11/23/81 | Refusing to Turn Down Radio | Guilty, radio impounded for 60 days |
| 12/31/81 | Under the Influence of Intoxicant Stimulants and Sedatives | Guilty, 5 days CTQ |
| 10/22/83 | Intentionally Harming a State Protected Bird (seagull) | Guilty, 1 weekend of CTQ |
| 09/25/84 | Theft of State Property | Warned and Reprimanded |
| 03/22/85 | Conduct and Disrespect | Guilty, refer for unassignment from Vocational Shoe Repair and 5 days CTQ |
| 06/19/85 | Performance | Guilty, reduced to Administrative Rules Violation and warned and reprimanded |
| 07/15/85 | Rights and Respects of Others | Guilty, reduced to an Administrative Rules Violation |
| 10/24/85 | Performance | Guilty, 4 days CTQ and unassigned form Clothing Distribution |
| 12/16/85 | Sexual Behavior | Guilty, 2 weekends CTQ |
| 03/27/87 | Conduct/Force & Violence | Guilty, warned, reprimanded, and placed in Privilege group "C" for 90 days |
| 03/16/88 | Contraband | Guilty. Assessed 1 weekend CTQ. |
| 11/30/92 | Physical Altercation | Guilty, 30 days forfeiture of work time credits and 6 days CTQ with credit for time served |
| 02/05/95 | Physical Altercation | Guilty, 90 days of loss of credit, counseled and reprimanded, and 10 days CTQ/Cell feed status on PM and RDOs |
| 04/19/95 | Involvement in Inmate Pressure Group | Guilty, 30 days loss of credits, warned and reprimanded |

**C.    Disciplinary History:** *con't*

*CDC 115s:*

| | | |
|---|---|---|
| 10/27/95 | Conduct/Pressuring | Guilty, 90 days forfeiture of behavior credits. |
| 07/24/96 | Pressuring/Threatening Another Inmate | Guilty, 90 days loss of credits counseled and reprimanded |
| 05/02/97 | Participation in a Disruptive Group | Guilty, 60 days forfeiture of credits, counseled and reprimanded |
| 05/03/01 | Possession of Inmate Manufactured Alcohol | Guilty, no credit forfeiture due to not meeting time constraints—one year mandatory attendance of Alcoholics Anonymous, warned and counseled |

*CDC 128-As:*

| | |
|---|---|
| 08/29/98 | Failure to Comply With Get Down Policy |
| 09/03/98 | Delayed A Peace Officer From Performing A Duty |
| 03/11/00 | Non-Compliance With Grooming Standards |
| 02/05/00 | Smuggling Contraband |
| 03/24/03 | Inciting |

## IV.    FUTURE PLANS:

### A.    Residence:

Cote plans to reside with his mother, Doris Cole at 3860 Stotts Street, Riverside, California 92903, (909) 359-1665 until he becomes financially secure and move out on his own.

### B.    Employment:

Cote indicated he is a certified welder and he will seek employment in that field as soon as he is granted parole. Cote contacted the Employment Development Department in Riverside to inquire about housing and employment opportunities.

## V.    USINS ISSUES:

Not Applicable.

COTE, ROBERT       B-81066      BPH, SUB HRG #11        CSP-SQ      APRIL 2006

PAGE 8 OF 10

## VI.  SUMMARY:

The following summary represents my observations based on the information available for perusal in Cote's Central File, information obtained from him during an interview held on March 9, 2006 lasting approximately 3 hours, and my personal observation during the three year period I've been responsible for overseeing his program:

**A.** His criminal history prior to the commitment offense was inconsequential; however, Cote has an extensive disciplinary record while incarcerated. It is noted prior to this interview Cote had not discussed his crime in detail. During the interview, Cote did not rationalize his crime and he confessed having committed the crime as charged. He was forthright about his state of mind during the commitment of the crime and did not attempt to shift the blame to others. There was no way to minimize the fact he was under the influence of both alcohol and drugs when he committed the offense. Also, Cote verbalized his remorse for the pain and suffering he has caused others. It is my opinion should Cote continue his sobriety and should he be granted parole he will re-integrate into society with enough skills to keep him employed and with the elimination of the influence of alcohol and drugs, he will become a productive member of society.

**B.** Prior to release, Cote should remain disciplinary free, utilize support services and activities to continue his self-discover process, and continue to upgrade academically and vocationally when possible.

**C.** This Board report is based on a two parts, a 3.0 hour interview which included a review of Cote's C-file and an in-depth discussion of the commitment offense.

**D.** Cote was afforded an opportunity and chose to examine his central file on 3/9/06. See CDC-128 B dated 3/9/06.

**E.** Cote stated no special accommodations, for the purposes of effective communication, are required per the Armstrong Remedial Plan (ARP).

Exhibit-B

FL-306/JV-251

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO.: | *FOR COURT USE ONLY* |
|---|---|---|

ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
   STREET ADDRESS:
   MAILING ADDRESS:
   CITY AND ZIP CODE:
   BRANCH NAME:

  PETITIONER/PLAINTIFF:

RESPONDENT/DEFENDANT:

       OTHER:

| **APPLICATION AND ORDER FOR REISSUANCE OF ORDER TO SHOW CAUSE** | CASE NUMBER(S): |
|---|---|

1. Applicant is *(specify)*:

2. Applicant requests the court to reissue the *Order to Show Cause* ☐ *and Temporary Restraining Order* originally issued as follows:
   a. Order to Show Cause was issued on *(date)*:
   b. Order to Show Cause was last set for hearing on *(date)*:
   c. Order to Show Cause has been reissued previously *(number of times)*:

3. Applicant requests reissuance of the order because:
   a. ☐ Respondent/Defendant ☐ Petitioner/Plaintiff ☐ Other party could not be served as required before the hearing date.
   b. ☐ The hearing was continued because the parties were referred to court mediator or family court services.
   c. ☐ Other *(specify)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

_____
(TYPE OR PRINT NAME)

**ORDER**

_____
(SIGNATURE)

4. IT IS ORDERED that the *Order to Show Cause* issued as shown in item 2 above is reissued and reset for hearing in this court as follows:

   Date:         time:         dept.:         room:
   at the street address of the court shown above.

   a. A copy of this order must be attached to documents that must be served on the ☐ Respondent/Defendant ☐ Petitioner/Plaintiff ☐ Other party as directed in the *Order to Show Cause.*
   b. All other orders contained in the *Order to Show Cause* and ☐ *Temporary Restraining Order* remain in full force and effect unless modified by this order. **THE *ORDER TO SHOW CAUSE* AND THIS ORDER EXPIRE ON THE DATE AND TIME OF THE HEARING SHOWN IN THE BOX ABOVE UNLESS EXTENDED BY THE COURT.**
   c. ☐ Other *(specify)*:

Date: _____    ▶    _____
                                                       JUDICIAL OFFICER

Form Adopted for Mandatory Use
Judicial Council of California
FL-306/JV-251 [Adopted January 1, 2003]

**APPLICATION AND ORDER FOR REISSUANCE
OF ORDER TO SHOW CAUSE
(Family Law—Governmental—Uniform Parentage—
Custody and Support—Juvenile)**

Code of Civil Procedure, § 527(d)
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com