# EXHIBIT J

SUPREME COURT COPY

MC-275

Name _Robert E. Cote'_

Address _B81066 / 4N83L_

_San Quentin, Ca 94974_

CDC or ID Number _B81066_

**SUPREME COURT**
**FILED**

FEB - 8 2007

Frederick K. Ohlrich Clerk

DEPUTY

_Supreme Court_

_In and For the State of California_
*(Court)*

_Robert E. Cote'_
Petitioner

vs. _San Quentin._

_State Prison Warden Ornoski &_
Respondent _Mr Ayers is the new warden_

PETITION FOR _Review_

No.

**S150095**

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS – READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

RECEIVED

FEB 8 = 2007

CLERK SUPREME COURT

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Form Approved by the
Judicial Council of California
MC-275 [Rev. January 1, 1999]

PETITION FOR _Review_

Page one of six
Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

Name _Robert G. Cote'_____

MC-275

Address _B81066 /4N83L_____

_San Quentin, CA 94974_____

CDC or ID Number _: B81066_____

_Supreme Court_

_In4 For the State of California_
(Court)

Robert G. Cote'_____

Petitioner

vs.

San Quentin State Prison
Warden Ornoski
Respondent Mr Ayers is the new Warden

PETITION FOR Review

No. _____

(To be supplied by the Clerk of the Court)

## INSTRUCTIONS – READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing a petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form before answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Form Approved by the
Judicial Council of California
C-275 [Rev. January 1, 1999]

PETITION FOR Review

Page one of six

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

6. GROUNDS FOR RELIEF

Ground 1: State briefly the ground on which you base your claim for relief. (For example, "the trial court imposed an illegal enhancement.") If you have additional grounds for relief, use a separate page for each ground. Page 4 is designed so you can state ground 2. For additional grounds, make copies of page 4 and number the additional grounds in order.

The Board of Prison Terms (BPT) is continuing to deny parole through the sole use of the committing offense & prior non-criminal/prison conduct without real evidence that I am a current "Unreasonable Risk to Public Safety" that is supported by the record, manipulating the facts of the hearing through lies, distortion & ommission resulting in a finding of unsuitability.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. If necessary, attach additional pages.

CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See In re Swain (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: who did exactly what to violate your rights at what time (when) or place (where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

The record will show that the BPT abused their discretion in making findings not supported by the record. I did not get a fair hearing. By the actions, stated in the grounds above they manipulated all the evidence supporting a finding of suitability, see record, while their manipulations are not because they are relying solely on the committing offense and prior non-criminal conduct. These factors violate my constitutionally protected Due Process and Liberty Interest rights & illustrates that the BPT has abused their discretion and did not conduct a fair hearing. The BPT is using "boiler-plate" issues, not supported by, and clouding the real issue. The BPT wants to rely solely on the committing offense & prior non-criminal conduct as allowed under the CA Supreme Court Rosencrantz decision but is having a difficult time getting around the Liberty Interest Rights granted under the 9th Circuit, so they have to cloud the issue & record.

b. Supporting cases, rules, or other authority (optional):

(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)

State & Federal Due Process, Liberty Interest & Equal Protection, CA Penal Code, CA Code of Regulations, Supt v. Hill, In Re George Scott, In Re Rosencrantz, In Re Liza Brown, Biddle v. Terhune, Biggs v. Terhune 334 F3d 910/914 (9th Cir 2003)

Petition for Review

7. Ground 2 *(if applicable)*:

The BPT failed to "Actually" consider all of the relevant reliable information in the proper manner Per CCR 2402(b); Mental Health & Counselor reports of Risk Assessment, P.C. 3042 Notices supporting or not opposing parole, prison conduct & Rehabilitation etc.. Beyond the committing offense & prior non-criminal conduct, there is no, supported by the record, current risk to the public if released on parole.

a. Supporting facts:

The BPT merely went through the motions without "Actually" considering all the information. This consideration should really go beyond just stating that you did so. The BPT has Abused it's discretion in claiming that the committing offense & prior non-criminal prison conduct, and prior to the incarceration conduct; all unchangeable factors, that would outweigh all of the factors supporting parole; Mental Health & Counselor Evaluations & Risk Assessments, work, behavior, self Help groups, parole plans, etc... The weighing process, not Standardized, is an Equal Protection violation. Even though the BPT acknowledged the positive, it is just as obvious they weren't "actually" considering them as factors of Suitability. The BPT didn't "Actually" consider me eligible for parole & that parole (according to the intent & spirit of the process, PC 3041(b)) should be granted unless I am a current unreasonable risk to public safety. They instead substituted their "boiler-plate" grounds for denial for an "Actual" determination that is both supported by the record and within the intent & spirit of the process.

b. Supporting cases, rules, or other authority:

State & Federal Due Process; Liberty Interest & Equal Protection; CA Penal Code, CA Code of Regulations, Supt v. Hill, In Re George Scott, In Re Rosencrantz, In Re Liza Brown, Biggs v. Terhune, Biggs v. Terhune 334 F3d 910/914 (9th Cir 2003)

The BPT violates my Constitutional Rights in it's reliance on the "Some-Evidence" Quantum of Evidence Doctrine when it uses the Committing Offense, prior-conduct (to incarceration) & prior prison non-criminal conduct to make a finding that I was An Unreasonable risk to public safety if released on parole

Supporting facts:

When all of the evidence is Examined, the BPT used the above, as the sole Evidence, factors to make A finding of unsuitability. Although the authority to do so has been upheld under California Supreme Court's Rosencrantz Decision, it Also violates the Liberty Interest ruling in the 9th Circuits Biggs v. Terhune decision. The "Some-Evidence" Doctrine there fore violates my Liberty Interest & the Quantum of Evidence must be increased to At least Substantive-Evidence (defined as enough to convince a reasonable person). The "Some-Evidence" (under Supt v. Hill, that was introduced the 1st time during "In Re Powell's" parole hearing having been used ever since) Doctrine should not apply in a parole suitability hearing because the argument posed during Supt. v. Hill is not the same in a parole hearing as it was in a/the disciplinary hearing. The Supt had a violent prison to control & Hill's Liberty Interest was very small. I this parole hearing situation, there is no violent prison that needs immediate control. the Petitioner's Liberty Interest is much greater & there has been 20+ years to document evidence either to rule for or against suitability. Mental Health & Counselor Reports, prison behavior (violent or not) rehabilitative efforts And parole plans at one support if realistic plans if family support isn't available

Supporting cases, rules or other authority:

State Federal Due Process, Liberty Interest & Equal Protection, CA Penal Code, CA Code of Regulations, Supt. v. Hill, In Re George Scott, In Re Rosencrantz, In Re Liza Brown, Buckley v. Terhune, Biggs v. Terhune 334 F3d 910/914 (9th Cir 2003)

It is because of "all" the above grounds that I believe that the hearing was not fair nor unbias (or impartial). The Defendants have violated my Federal & State Constitutional Right to Due Process; Liberty Interest & Due Process & have acted against the intent & spirit of the process. The BPT manipulated the facts of this, and all, hearing through lies, distortion & ommission, they failed to "Actually" consider anything beyond their use of the Committing offense, pre-conviction conduct & non-criminal (post-conviction) conduct, the use of these factors was an inappropriate (Quantum of Evidence) application of Some-Evidence under Supt v. Hill which intended use was approved - the Prison Disciplinary & not Parole Hearing Process. The BPT failed responsibly use their discretion, within the intent & spirit of the process, to weigh all of the relevant reliable evidence (supported by the record) & render a decision that I was or was not a Current unreasonable Risk to Public Safety. This has and continues to violate my rights and its requested by this Petitioner that this Court grants motion for Appointment of Counsel, orders an Evidentiary Hearing and Grants Relief

8.  Did you appeal from the conviction, sentence, or commitment?  ☒ Yes.  ☐ No.  If yes, give the following information:

a.  Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

_Court of Appeal_

b.  Result: _Denied_                                   c.  Date of decision: _1977_

d.  Case number or citation of opinion, if known: _Unknown_

e.  Issues raised:  (1) _Ineffective Assistance of Counsel_

(2) _Circumstances of the case_

(3) _____

f.  Were you represented by counsel on appeal?  ☒ Yes.  ☐ No.  If yes, state the attorney's name and address, if known:

_State Defender's Office - Riverside, CA_

9.  Did you seek review in the California Supreme Court?  ☐ Yes.  ☒ No.  If yes, give the following information:

a.  Result: _____  b.  Date of decision: _____

c.  Case number or citation of opinion, if known: _____

d.  Issues raised:  (1) _____

(2) _____

(3) _____

10.  If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

_This Appeal pertains to a denial of parole._

11.  Administrative Review:

a.  If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See _In re Muszalski_ (1975) 52 Cal. App.3d 500 [125 Cal. Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

_Administrative Review (BPT-1040) Repealed 5/2004._

b.  Did you seek the highest level of administrative review available?  ☒ Yes.  ☐ No.
_Attach documents that show you have exhausted your administrative remedies._

MC-275 [Rev. January 1, 1999]                PETITION FOR _Review_                                        Page five of six

her than direct appeal, or you (habeas) other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court?  ☒  If yes, continue with number 13.  ☐  If no, skip to number 15.

(1)  Name of court:  Riverside County Superior Court

(2)  Nature of proceeding (for example, habeas corpus petition):  Habeas Corpus

(3)  Issues raised:  (a)  Same as this Petition

        (b)  _____

(4)  Result (Attach order or explain why unavailable):  Denied

(5)  Date of decision:  11/18/2006

(1)  Name of court:  CA Court of Appeal, 4th District

(2)  Nature of proceeding:  Habeas Corpus          2-5-07  ⇐

(3)  Issues raised:  (a)  Same as this Petition

        (b)  _____

(4)  Result (Attach order or explain why unavailable):  Denied

(5)  Date of decision:  2-1-07  ⇐

For additional prior petitions, applications, or motions, provide the same information on a separate page.

any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

N/A

plain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) Cal.2d 300, 304.)

None

you presently represented by counsel?  ☐  Yes.  ☒  No.  If yes, state the attorney's name and address, if known:

N/A

you have any petition, appeal, or other matter pending in any court?  ☐  Yes.  ☒  No.  If yes, explain:

N/A

his petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

N/A

ndersigned, say:  I am the petitioner in this action.  I declare under penalty of perjury under the laws of the State of California that egoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as e matters, I believe them to be true.

▶ _Robert Cote_
(SIGNATURE OF PETITIONER)

te:  2-5-07

# Table of Authorities

---

<u>Constitutions:</u>

. U.S. Constitution 14th Amendment (Due Process / Equal Protection) basis

. CA Constitution Article 1 Sec. 7 (Due Process / Equal Protection) basis

<u>State Statutes & Codes:</u>

. Penal Code 1484

1. " " 3041 (a), (b)

2. " " 3042 (b)

2. " " 5076.2

Evidence Code 115

" " 452

<u>California Code of Regulations Div 2:</u>

. 2000 (b)

. 2282

. 2402

.. 2403

<u>Civil Code:</u>

3. 1060

Proc. 2019 (b)

<u>Other Authorities:</u>

In re Aremu; L.A. County Case # BH002661

In re Cortez; L.A. County Case # BH001953

Coleman V. Board of Prison Terms (U.S.D.C.)

Case # (2004) CIV S-96-0783 LKK PAN P

<u>Decisional Law:</u>

<u>Federal Cases</u>

Biggs V. Terhune
9th Cir. (CAl.) 2003) 334 F.3d 910

Brown V. Poole
9th Cir. (CAl.) 2003) 337 F.3d 1155

Cato V. Rushen
7th Cir. (CAl.) 1987) 825 F.2d 703, 705

Jancsek V. Oregon Board of Parole
7th Cir. (OR) 1987) 833 F.2d 1389

Table of Authorities

Masoner v. State
: (C.D. Cal. 2004) 2004 WL 1080177
  (C.D. Cal. 2004) 2004 WL 1080176
McQuillion v. Duncan
: (I) (9th Cir. (Cal.) 2002) 306 F.3d 895, 901-903
: (II) (9th Cir. (Cal.) 2003) 342 F.3d 1012

Morrissey v. Brewer
(1972) 408 U.S. 471, 481
Newton v. Rumery
(1987) 480 U.S. 386, 394
Santobello v. New York
(1971 404 U.S. 257, 261
(92 S.Ct. 495, 30 L.Ed.2d 427)
Superintendent v. Hill
(1985) 472 U.S. 445, 456

State Cases:

Calloway, People v.
(1974) 37 Cal. App. 3d 905, 908
Capistran, In re
(2003) 107 Cal. App. 4th 1299
Caswell, In re
(2001) 92 Cal. App. 4th 1017, 1030
Cortinas, In re
(2004) 92 Cal. App. 4th 1153, 1169
Cunningham, People v.
1996) 49 Cal. App. 4th 1044, 1047
Davis, In re
1979) 25 Cal. 3d 384, 387
Gonzales, People v.
(1990) 51 Cal. 3d 1179, 1258-1261
Hornung v. Superior Court
(2000) 81 Cal. App. 4th 1095, 1099
Ibarra, In re
(1983) 34 Cal. 3d 277, 289

## Table of Authorities

KlAESS, People v.
(1982) 129 Cal. App. 3d 820, 823

LeRoy, People v.
(1984) 155 Cal. App. 3d 602, 606

Olivas, People v.
(1976) 17 Cal. 3d 236, 245

Powell, In re
(1988) 45 Cal. 3d 894, 903

Ramirez, In re
(2001) 94 Cal. App. 4th 549, 569, 570

5. Rosenkrantz, In re
(2002) 29 Cal. 4th 616

6. Scott, In re
(2004) 19 Cal. App. 4th 871, 891

7. Scott, People v.
(2003) 29 Cal 4th 783, 814

8. Sena, In re
(2001) 94 Cal. App. 4th 836

9. Smith (Ernest), In re
(2003) 114 Cal. App. 4th 343, 366

0. Smith (Mark), In re
(2003) 109 Cal. App. 4th 489

1. Terhune v. Superior Court
(1998) 65 Cal. App. 4th 864, 872-873

2. In Re Shaputis on Habeas Corpus.
4th District Court of Appeals # D046356  12/28/2005

Elijah Clay v. Warden Kane  USDC Central District Mag FtR  12/21/2005

Exhibit 5 - CA Supreme )

# Table of Contents

A - Mental Health Reports (not available)

B - Correctional Counselor Reports

C - Parole Hearing Transcripts

D - Superior Court Documents

E - Appeals Court Documents

F - CA Supreme Court Documents (for future use)

G - U.S. District Court Documents (for future use)

H - Table of Authorities

Exhibit- A   Not Available

Exhibit-B

## LIFE PRISONER EVALUATION REPORT
## SUBSEQUENT PAROLE CONSIDERATION HEARING
## APRIL 2006 CALENDAR

I.    **COMMITMENT FACTORS:**

A.    **Life Crime:**

*Count one:*

|  |  |
|---|---|
| Weapon (s): | Murder 1st, PC 187 |
|  | None |
| Victim (s): | Rose McCarthy, age 49 |
| County, Case#: | Riverside County, Case #CR-14102 |
| Sentence: | 7 years to life |

Minimum Eligible Parole Date:    September 18, 1983
Received in CDCR:    March 3, 1977

1.    **Summary of Crime:**

According to reports prepared by the Riverside County Sheriff's Department as related to the Post Sentence Probation Officer's Report dated March of 1977:

On September 17, 1976, at approximately 10:15 p.m., officers of the Riverside County Sheriff's Department responded to the area of Byron and Magnolia Streets on a call by a witness of a possible rape in progress. Upon arrival at 3821 Byron Street, Apt. 38, they met with witness H. Kelly, who advised them that a woman was being raped in the vegetable garden behind his apartment. The witness reported that as he was taking his dog outside, he noticed a commotion in the garden area. As he approached the area, he observed a male subject, who appeared to be kneeling over a female, while beating her. He also recalled seeing the victim's legs kicking upwards from the ground. He was able to give a sketchy description of the suspect and the clothes he was wearing.

A check of the garden area revealed the deceased nude body of a female, later identified as Rose McCarthy. The victim's face was badly damaged and covered in blood and her blouse had been pulled up and wrapped around her neck. Teeth marks were later observed on her shoulder and breasts. The cause of death was determined to be "aspiration of blood, due to internal oral hemorrhaging due to trauma to the face." A search of the immediate are revealed clothing, apparently belonging to the victim and a belt with an inscribed name of "Bob Cote". Officers subsequently responded to the defendant's residence where Cote was found asleep in his bedroom. A pair of dirt covered and blood soaked jeans were found on the floor and several spots of blood were visible on the bed sheets. Cote was placed under arrest.

In addition, officers located a yellow shirt with dark stripes on the ground near the intersection of Botherton and Magnolia. The shirt was stained with blood and dirt.

On October 20, 1976, Cote entered a plea of not guilty and denied the special allegations. On December 16, 1976, Cote entered an additional plea of not guilty by reason of insanity, whereupon, doctors were appointed to examine him.

On February 2, 1977, Cote waived jury trail and requested trial by court. On February 24, 1977, the court found Cote guilty of murder as charged and fixed the offense in the First Degree. The court further found Cote was sane at the time of the commission of the offense.

OFFENSE SUMMARY

2.  **Prisoner's Version**:

The following prisoner's version was provided by Cote on 3/9/06:

"On the morning of September 17, 1976 my sister's boyfriend, Frank Cefu (the spelling of his last name may not be current) picked me up, so I could work with him. We were tearing down this building. Towards mid-morning, the temperature was getting very warm. Frank went across the street to his car and brought the cooler, which was full of beer, back to where we were working. We drank a lot. I believe the combination of the hot temperature and the beer increased the affect of the alcohol. I know I was intoxicated because I remember slurring my speech and not walking straight. By the time I had eaten lunch I felt better. The rest of the day went like business as usual although I could still the effects of the alcohol. Sometime in the evening a car came pulling up to the work site. I recognized the man in the car as Steve because I had seen him two or three times before. Steve was the local heroin dealer. Steve talked to Frank for a while. After Steve left, Frank came up to me and said Steve was going to get us some dope. Steve came back and dropped off Reds and Speed. We cruised the rest of the day high as hell. Frank suggested we go to a local bar. I drank some more beer even though I knew I was high off the Reds and Speed. I was so messed up. I had never been that messed up before. Steve came into the bar. Frank and Steve talked alone once more. Frank asked if I wanted to do some heroin, I said hell yea! I went to the restroom to slam my fix. When I returned, Frank said he was going to pick up more heroin and asked if I wanted to go. I said, "Yea!" We left the bar on the way to get the heroin. On the way to the connection, we ate at a hamburger/burrito stand. I was so drunk and wasted from the dope and alcohol, I vomited. Steve left and when he returned he was so mad. He said the connection burned us. I asked Steve where was this person who stole from me. Steve said in a very loud voice, "Look over there, that was the connection." It was a woman. I walked up to her and asked her where was my money. I talked to this woman for a while. She said, "Come with me and I will get your money." Frank, Steve, and I walked across the street with her. Frank

stopped and turned to leave. I asked him where was Steve. Frank left. Someone hit me on the back of my head. I fell to the ground. I got up looking for who hit me and fought back. The person went down. Before I could regain myself, I was hit from behind again. When I finally focused again, I came up on my knees, stood up and I fell. I go up again and turned to look behind me and I saw the lady who I had been talking to lying on the ground. I heard sirens and I ran."

3.  **Aggravating/Mitigating Circumstances:**

a.  Aggravating Factors:
- The victim was vulnerable due to her intoxicated state.
- Cote had an opportunity to cease, but continued with the crime.

b.  Mitigating Circumstances:
- Cote was under the influence of alcohol and drugs.

## II.  PRECONVICTION FACTORS:

A.  **Juvenile Record:**

According to Riverside County POR, page 4, Cote's juvenile record consisted solely of traffic violations.

B.  **Adult Convictions:**

| 11/04/75 | Conviction for PC 459, Burglary (misdemeanor) | Sentenced to 2 years of probation, 2 days county jail, and $125 fine. |
|---|---|---|

C.  **Personal Factors:**

Cote is the third child of seven children born to Robert and Doris Cote. Cote indicated that his parents separated when he was approximately 14 years of age. Cote was described to have had a chaotic childhood due to his father's drinking problem and physical abuse. Cote said he has fathered one child, Robert Cote, who lives with his mother Kim Hanna in Arizona. Cote stated he dropped out of high school after completing the 10th grade to join the United States Army in May of 1974. He indicated he was honorably discharged in October 1974. His work history consisted mostly of working in car washes and gas stations. He indicated his longest time of employment was for Dean's Custom Furniture in Riverside, California, which terminated with his arrest for the current offense. Cote stated he was an alcoholic. He expounded on his rather extensive history relating to controlled substances, indicating he used marijuana, heroin, cocaine, reds, whites, yellow jackets, PCP, and miscellaneous other substances. He began using marijuana at the age of 13 and on a daily basis since age 14. He began "snorting" heroin at age 18, but stopped using it about 6 months prior to the commitment offense. He indicated a similar pattern of cocaine abuse.

## III.  POSTCONVICTION FACTORS:

### A.  Custody History:

| | |
|---|---|
| 03/03/77 | Cote began his incarceration at California Institution for Men (CIM) Security Housing Unit (SHU) due to the nature of the offense. |
| 04/07/77 | He was transferred to California Medical Facility (CMF). |
| 03/15/79 | He was transferred to California Men's Colony-East (CMC-E). His Initial Board of Prison Hearings (BPH) was held on 8/27/82. Parole was denied for one year. On 11/30/83, during his Subsequent BPH #1 parole was denied for two years. On 4/11/86, parole was denied for 2 years during his Subsequent BPH #2. His 4/88 Subsequent BPH #3 was postponed on 4/26/88, but held on 3/24/8 as Subsequent BPH 4. Parole was denied for one year. Parole was denied for 2 years again on 3/26/90 during his Subsequent hearing # 5. His Subsequent BPH #6 was held on 4/1/92. He received a 2 year denial. |
| 09/18/92 | Cote was transferred to Mule Creek State Prison (MCSP) due to population concerns at CMC-E where he remained until his transfer to California Training Facility (CTF). His custody remained at Med AR and he was placed on the support services waiting list during his Initial Review on 9/23/92. On 3/9/93 during his Annual Review he was placed on the Education waiting list. On 9/14/93 during a Program Review Cote UCC recommended Cote be non-adversely transferred to CRC or RJD due to family hardship. |
| 10/25/93 | He was transferred to California Training Facility (CTF) due to family hardship and continued his program at Med AR custody. His Annual Review was held on 3/9/94. UCC recommended a review by the CSR for Level II placement. His next Annual Review was held on 2/28/95. His program was not modified. Subsequent BPH # 7 was held on 3/21/94. Parole was denied for 2 years. His Post Board Review was held on 4/29/94. UCC acted to retain him at Level II, continue present program. On 5/17/95, UCC recommended an adverse transfer to San Quentin or Folsom State Prison. Cote was endorsed to Ironwood State Prison (ISP). |
| 06/16/95 | Transferred to Ironwood State Prison (ISP). His Initial Review was held on 7/11/96 within the Administrative Segregation Unit(AdSeg). He was recommended for transfer to CTF-II/SQ-II on 10/8/96. He remained in AdSeg at ISP until he was transferred to CTF--AdSeg. His Subsequent BPH # 8 was held on 9/17/96. Parole was denied for 3 years. |
| 11/06/96 | He was received at California Training Facility's (CTF) AdSeg unit. He was released to the general population on 11/14/96. His Annual Review was held on 3/28/97. His program was unchanged. He was placed back into AdSeg on 5/1/97 and was recommended for an adverse transfer to CMF/LAC III. |

A.     **Custody History:** *con't*

| | |
|---|---|
| 7/10/97 | His Initial/Annual Review was at CSP-Solano was held on 7/22/97. His Annual Reviews were held on: 7/31/98, 3/23/99, 3/28/00, 3/15/01, 3/21/02, and 5/15/03.   His program was not altered.   He was recommended for transfer to San Quentin-II/Folsom State Prison II during his 5/15/03 Annual Review. His Subsequent BPH # 9 was held on 3/14/00. Parole was denied for 3 years. Subsequent BPH # 10 was held on 4/16/03. Cote stipulated during at the time the hearing was to convene and received a 2 year denial of parole. |
| 6/17/03 | Cote was received at San Quentin State Prison as a non-adverse transfer from CSP-SOL. His Initial Review was held on 7/2/03. He was placed on the Prison Industry Authority PIA) waiting list.   His custody remained at Med AR.  Cote's Annual Reviews were held on 2/26/04, 2/3/05, and 2/1/06 with no changes to his program noted at the last review. |

Cote has performed numerous jobs since his incarceration to include: porter, inner warehouse worker, yard crew, vocational shoe repair, knitting millinery, clothing distribution, gym worker, work crew member, quad and Captain runner, laundry, P.I.A., meat cutting, carpentry maintenance carpentry, line server, and currently P.I.A. sewing machine operator. Although he has a negative disciplinary history, he has remained disciplinary free since his arrival at San Quentin. His work history indicate a satisfactory to excellent work habits and skill level.

B.     **Therapy & Self Help Activities:**

| | |
|---|---|
| 02/05/81 – 05/18/81 | Participated in Occupational Therapy for Divertional Craft Activities |
| 11/30/81 – 07/28/82 | Participated in Group Therapy |
| 02/01/83 | Completed a four-week program in Beginning Stress Management and Relaxation |
| 02/86 – 09/86 | Participated in Alcoholic Anonymous |
| 06/27/88 | Completed a four-week therapy group program in Beginning Stress Management and Relaxation |
| 08/15/88 | Completed a self-help program focused on his abuse of substances that led up to his crime and adapting to a drug-free life style |
| 08/26/88 | Completed a four-week program in Advanced Relaxation Training. |
| 08/18/88 – 11/10/88 | Participated and completed a Rational Behavior Training Group program |
| 02/20/89 | Completed an eight-week program in Communication Skills Training |

COTE, ROBERT          B-81066     BPH, SUB HRG #11          CSP-SQ     APRIL 2006

**B.**    **Therapy & Self Help Activities:** *con't*

| | |
|---|---|
| 05/19/89 | Participated and completed Anger Control Group Therapy |
| 06/29/92 | Completed a 24 week group therapy in Criminal Thinking |
| 01/99 – 03/03 | Participated in Narcotics Anonymous |
| 07/30/04 | Certificates of Achievement: Emergency Management Institute—Principles of Emergency Management; Hazardous Materials- A Citizen's Orientation; Decision Making & Problem Solving; Effective Communication; and, Mitigation for Homeowners |
| 12/13/04 | Certificate of Proficiency—Mattress Innerspring |
| 04/25/05 | Participated as a student in Project R.E.A.C.H. |
| 05/10/05 | Received High School Equivalency Certificate |
| 05/25/05 | Completed the "Workplace Essential Skill" training syllabus—Employment |
| 09/07/05 | Completed the "Workplace Essential Skill" training syllabus—Communication and Writing. |
| 10/05/05 - Present | Participated as a tutor for Project R.E.A.C.H. |
| 10/17/05 | Completed San Quentin's College Program Math 50 class |
| 11/14/05 | Completed the "Workplace Essential Skill" training syllabus—Math |
| 12/06/05 | Completed the "Workplace Essential Skill" training syllabus—Reading |

**C.**    **Disciplinary History:**

*CDC 115s:*

| | | |
|---|---|---|
| 06/15/79 | Transporting Contraband in Laundry Cart | Guilty. Warned and Reprimanded |
| 06/23/79 | Use of Foods | Guilty. Eight hours of extra duty, 4 hours suspended for 90-days pending no like behavior |
| 07/19/79 | Stealing Bread Dough | Guilty, 8 hours extra duty. |
| 02/14/80 | Horseplay | Guilty, one evening confined to quarters (CTQ) |
| 05/20/80 | Being in Another Inmate's Room | Guilty, 2 evenings CTQ |
| 10/02/80 | Contraband-Un-issued Property (possible weapon) | Guilty, one weekend CTQ-suspended for 30-days |
| 12/15/80 | Work Performance | Guilty, 16 hours extra duty |
| 10/02/80 | Contraband-Un-issued Property (possible weapon) | Guilty, one weekend CTQ-suspended for 30-days |
| 12/15/80 | Work Performance | Guilty, 16 hours extra duty |

**C.**    **Disciplinary History:** *con't*

*CDC 115s:*

| | | |
|---|---|---|
| 12/22/80 | Conduct-Disruptive Behavior on The Yard | Guilty, 2 evenings CTQ |
| 12/30/80 | Out of Bounds | Guilty, 2 evenings CTQ |
| 01/19/81 | Conduct | Guilty, 1 evening CTQ |
| 08/26/81 | Performance | Guilty, 1 weekend CTQ—suspended for 60 days |
| 09/29/81 | Horseplay | Guilty, 5 evenings CTQ with evenings suspended |
| 10/16/81 | Out of Bounds | Guilty 1 day CTQ |
| 10/23/81 | Sexual Behavior | Guilty, 2 evenings CTQ |
| 11/23/81 | Refusing to Turn Down Radio | Guilty, radio impounded for 60 days |
| 12/31/81 | Under the Influence of Intoxicant Stimulants and Sedatives | Guilty, 5 days CTQ |
| 10/22/83 | Intentionally Harming a State Protected Bird (seagull) | Guilty, 1 weekend of CTQ |
| 09/25/84 | Theft of State Property | Warned and Reprimanded |
| 03/22/85 | Conduct and Disrespect | Guilty, refer for unassignment from Vocational Shoe Repair and 5 days CTQ |
| 06/19/85 | Performance | Guilty, reduced to Administrative Rules Violation and warned and reprimanded |
| 07/15/85 | Rights and Respects of Others | Guilty, reduced to an Administrative Rules Violation |
| 10/24/85 | Performance | Guilty, 4 days CTQ and unassigned form Clothing Distribution |
| 12/16/85 | Sexual Behavior | Guilty, 2 weekends CTQ |
| 03/27/87 | Conduct/Force & Violence | Guilty, warned, reprimanded, and placed in Privilege group "C" for 90 days |
| 03/16/88 | Contraband | Guilty. Assessed 1 weekend CTQ. |
| 11/30/92 | Physical Altercation | Guilty, 30 days forfeiture of work time credits and 6 days CTQ with credit for time served |
| 02/05/95 | Physical Altercation | Guilty, 90 days of loss of credit, counseled and reprimanded, and 10 days CTQ/Cell feed status on PM and RDOs |
| 04/19/95 | Involvement in Inmate Pressure Group | Guilty, 30 days loss of credits, warned and reprimanded |

COTE, ROBERT    B-81066    BPH, SUB HRG #11    CSP-SQ    APRIL 2006

**C.** **Disciplinary History:** *con't*

*CDC 115s:*

| | | |
|---|---|---|
| 10/27/95 | Conduct/Pressuring | Guilty, 90 days forfeiture of behavior credits. |
| 07/24/96 | Pressuring/Threatening Another Inmate | Guilty, 90 days loss of credits counseled and reprimanded |
| 05/02/97 | Participation in a Disruptive Group | Guilty, 60 days forfeiture of credits, counseled and reprimanded |
| 05/03/01 | Possession of Inmate Manufactured Alcohol | Guilty, no credit forfeiture due to not meeting time constraints—one year mandatory attendance of Alcoholics Anonymous, warned and counseled |

*CDC 128-As:*

| | |
|---|---|
| 08/29/98 | Failure to Comply With Get Down Policy |
| 09/03/98 | Delayed A Peace Officer From Performing A Duty |
| 03/11/00 | Non-Compliance With Grooming Standards |
| 02/05/00 | Smuggling Contraband |
| 03/24/03 | Inciting |

## IV.  FUTURE PLANS:

**A.** **Residence:**

Cote plans to reside with his mother, Doris Cole at 3860 Stotts Street, Riverside, California 92903, (909) 359-1665 until he becomes financially secure and move out on his own.

**B.** **Employment:**

Cote indicated he is a certified welder and he will seek employment in that field as soon as he is granted parole. Cote contacted the Employment Development Department in Riverside to inquire about housing and employment opportunities.

## V.   USINS ISSUES:

Not Applicable.

## VI.    SUMMARY:

The following summary represents my observations based on the information available for perusal in Cote's Central File, information obtained from him during an interview held on March 9, 2006 lasting approximately 3 hours, and my personal observation during the three year period I've been responsible for overseeing his program:

A. His criminal history prior to the commitment offense was inconsequential; however, Cote has an extensive disciplinary record while incarcerated. It is noted prior to this interview Cote had not discussed his crime in detail. During the interview, Cote did not rationalize his crime and he confessed having committed the crime as charged. He was forthright about his state of mind during the commitment of the crime and did not attempt to shift the blame to others. There was no way to minimize the fact he was under the influence of both alcohol and drugs when he committed the offense. Also, Cote verbalized his remorse for the pain and suffering he has caused others. It is my opinion should Cote continue his sobriety and should he be granted parole he will re-integrate into society with enough skills to keep him employed and with the elimination of the influence of alcohol and drugs, he will become a productive member of society.

B. Prior to release, Cote should remain disciplinary free, utilize support services and activities to continue his self-discover process, and continue to upgrade academically and vocationally when possible.

C. This Board report is based on a two parts, a 3.0 hour interview which included a review of Cote's C-file and an in-depth discussion of the commitment offense.

D. Cote was afforded an opportunity and chose to examine his central file on 3/9/06. See CDC-128 B dated 3/9/06.

E. Cote stated no special accommodations, for the purposes of effective communication, are required per the Armstrong Remedial Plan (ARP).

_____

I. TATE, CC-I


_____

V. KELLEY, CC-II


_____

C. BELSHAW, C & PR

Exhibit - C

1        CALIFORNIA BOARD OF PAROLE HEARINGS

2                D E C I S I O N

3           DEPUTY COMMISSIONER SULLIVAN:   We are

4    back on the record.

5           PRESIDING COMMISSIONER LEE:   Thank you.

6    The panel has reviewed all information received

7    from the public and relied on the follow

8    circumstances in concluding the prisoner is

9    suitable for parole and would pose an

10   unreasonable risk of danger to society or a

11   threat to public safety if released from prison.

12   The offense was carried out in an especially

13   cruel and callous manner.   The victim was abused

14   defiled and mutilated during the offense, which

15   was carried out in a manner, which demonstrates

16   an exceptional callous disregard for human

17   suffering.   The motive of the crime was

18   inexplicable and very trivial in relationship to

19   the offense.   The facts of this case cannot be

20   described any other way (indiscernible).   We

21   have a woman who apparently was not very large.

22   Here was an individual who apparently not only

23   is larger individual but apparently trained in

24   martial arts and the military.   From the

25   description of the wounds, it was very clear

26   that she was literally beaten to death.   The

27   ROBERT COTE B-81066 DECISION PAGE 1 04/20/06

1   offense itself truly qualifies in this
2   particular regard as especially cruel and
3   callous and in the commitment offence it is
4   sufficient alone in and of itself
5   (indiscernible).  The other reasons for the
6   denial; is that the inmate has previous record,
7   he has an escalating pattern of criminal
8   conduct, and he has a history of unstable and
9   tumultuous relationships with others.  He has
10  failed at previous grants of probation and
11  cannot be counted upon to (indiscernible)
12  criminality.  He has failed to profit from
13  society's previous attempt to correct his
14  criminality including adult probation and county
15  jail.  The inmate has not sufficiently
16  participated in self-help and therapy programs.
17  He has 34 serious disciplinary reports related
18  from a few years ago until 2001.  The inmate
19  lacks realistic parole plans in that he does not
20  have acceptable employment plans, and the
21  hearing panel notes that pursuant to 3042 there
22  is opposition by the District Attorney's Office
23  of Riverside County.  The panel makes the follow
24  findings; the prisoner needs therapy, self-help,
25  and programming in order to face, discuss
26  understand in coping in dealing with stress in a
27  ROBERT COTE B-81066 DECISION PAGE 2 04/20/06

100

1   nondestructive manner, as well as to get further

2   insight into the crime.  Until progress can be

3   made the prisoner continues to be an

4   unpredictable and a threat to others.  The

5   prisoner's gains are recent.  In the past he

6   attempted to (indiscernible) himself, however,

7   he must demonstrate an ability to maintain these

8   gains over an extended period of time.

9   Nonetheless, the prisoner should be commended

10  for the follow.

11          DEPUTY COMMISSIONER SULLIVAN:  Sir, you

12  should be commended for receiving your GED.  I'm

13  sure that took a lot of work and based on what

14  your teacher said about you and the fact that

15  you were elected to be valedictorian in that

16  class, you should be very proud of yourself for

17  that and I want to make sure that you understand

18  the board takes it very seriously that you went

19  to the effort to do that.  Also we appreciate

20  the fact that your attorney (indiscernible).

21          PRESIDING COMMISSIONER LEE:  However,

22  these positive aspects of behavior do not

23  outweigh the factors of unsuitability.  In a

24  separate decision the hearing panel finds that

25  the inmate has been convicted of murder and it

26  is not reasonable to expect that he would be

27  ROBERT COTE B-81066 DECISION PAGE 3 04/20/06

1  granted a date in the next three years.  The

2  prisoner committed the offense in an especially

3  cruel manner as previously discussed.  The

4  victim was abused, mutilated, as well as raped.

5  The offense was carried out in a manner, which

6  demonstrates an exceptional callous disregard

7  for human suffering.  The motive for the crime

8  was inexplicable and very trivial in

9  relationship to the offense.  The prisoner has a

10  history of unstable tumultuous relationships

11  with others and, sir, I don't know how to stress

12  this upon you.  The previous panels have

13  stressed this upon you.  It is your choice.  We

14  can't force you to do this but you need to get

15  involved in some kind of drug rehab.  I don't

16  care which one you do it doesn't matter to me.

17  If you find one that's equivalent to AA and NA

18  you have to do it.  AA and NA the only why we

19  push those is because that's the best program

20  let's be honest.  We don't have anything that

21  has a better track record than AA and NA.  The

22  prisoner has not completed necessary

23  programming, which is essential to your

24  adjustment, and needs additional time to gain

25  such programming.  Now that you have your GED, I

26  think it's imperative that you participate in AA

27  ROBERT COTE B-81066 DECISION PAGE 4 04/20/06

102

1   and NA.  The brutality of this crime is such,

2   and your statement to this panel are such that

3   clearly indicates that you were not thinking

4   correctly when you were out there that day, and

5   one would hope, and I'm only saying this because

6   you don't remember very clear that part of that

7   was drug induced or alcohol induced not because

8   you were just a savage human being.  You need to

9   indicate to the panel, if you ever wish to get a

10  date, that you are serious about ever, ever

11  being involved in drugs or alcohol.  Just saying

12  that I choose not to take it does not preclude

13  the option that may some day choose to take it

14  once again.  Do you understand what I'm saying?

15  The reason why AA and NA is accepted by a lot of

16  associations is because their premise.  The

17  basic premise is you know what you need help and

18  they are people that you need -- you can get

19  help from other people involved in the group,

20  other people who have gone through the group,

21  staff members, and your higher power.  It

22  doesn't matter what your higher power is, so

23  it's essential that if you ever wish to get a

24  date that you are involved in some type of AA

25  and NA so that you can basically indicate that

26  you are not involved in alcohol as well as

27  ROBERT COTE B-81066 DECISION PAGE 5 04/20/06

103

1    drugs.   Therefore a longer period of observation

2    and evaluation of the prisoner's requirements is

3    needed by the board to find the prisoner

4    suitable for parole.   The panel recommends the

5    follow; become disciplinary free, participate in

6    self-help.   Deputy Commissioner?

7              DEPUTY COMMISSIONER SULLIVAN:   Sir, the

8    comments you made today about the commitment

9    offence, in my opinion, were less than honest.

10   Some of the comments made today about your

11   offense have been less than honest, in my

12   opinion, and I would -- that probably with the

13   fact that you're not participating in substance

14   abuse treatment makes me think that you don't

15   have a realistic idea the effect this crime has

16   had on everybody, and I would urge you in the

17   next three years to explore that and give this

18   panel some explanation of those things.   I wish

19   you the best of luck and I hope that you take my

20   comments seriously.   I'm telling it to you

21   because I am trying to help you understand what

22   it takes to be suitable for parole.

23   //

24   //

25   //

26   //

27   ROBERT COTE B-81066 DECISION PAGE 6 04/20/06

104

1          PRESIDING COMMISSIONER LEE:   All right.

2    This hearing is dismissed.

3                     --oOo--

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23    PAROLE DENIED THREE YEARS

24    THIS DECISION WILL BE FINAL ON:_____AUG 1 8 2006_____

25    YOU WILL BE PROMPTLY NOTIFIED, IF PRIOR TO THAT

26    DATE, THE DECISION IS MODIFIED.

27    ROBERT COTE B-81066 DECISION PAGE 7 04/20/06

Exhibit - D

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
[X] 41__ Main Street, Riverside, CA 92501
[ ] 4050 Main Street, Riverside, CA 92501
[ ] 4175 Main Street, Riverside, CA 92501
[ ] 880 N. State Street, Hemet, CA 92543
[ ] 41002 County Center Dr. #100 Temecula, CA 92591
[ ] 155 E. Hays Street, Banning, CA 92220
[ ] 505 S. Buena Vista Ave., Corona, CA 91720
[ ] 13800 Heacock #D201, Moreno Valley, CA 92553

## CLERKS CERTIFICATE OF MAILING

APPELLANT:    ROBERT G COTE
              VS.
RESPONDENT:   SAN QUINTIN STATE PRISON
                   Case No. RIC459415

TO:   ROBERT G COTE
      B81066 / 14N83L
      SAN QUINTIN CA 94974

I, clerk of the above entitled court, do hereby certify I am not a
party to the within action or proceeding; that on the date below
indicated, I served a copy of the attached RE: PETITION FOR WRIT OF HABEAS
depositing said copy enclosed in a sealed envelope with postage
thereon fully prepaid in the mail at Riverside, California addressed
as above.

                         CLERK OF THE COURT

                              C. Mitchell

Dated:    11/18/06       By: _____
                              CARLA A MITCHELL

SUPERIOR COURT OF CALIFORNIA

COUNTY OF RIVERSIDE



FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

NOV 1 4 2006

IN THE MATTER OF THE APPLICATION OF:      } CASE NO. RIC459415

                                          }

ROBERT G. COTE                            } ORDER RE: PETITION FOR WRIT

FOR A WRIT OF HABEAS CORPUS.              } OF HABEAS CORPUS

 

 

After reading and considering the Petition for Writ of Habeas Corpus, it is the decision of the court that the Petition is Denied.

Dated: 11/14/06



Gary B. Tranbarger
Judge of the Superior Court
County of Riverside

1

Exhibit - E

MC-275

Name ___Robert E. Cote'___

Address ___B81066 / 4N83___

___San Quentin, Ca 94974___

CDC or ID Number ___B81066___

FILED

JAN 2 3 2007

COURT OF APPEAL FOURTH DISTRICT

___Fourth District Court of Appeal___
___In and For the State of California___
                              (Court)

PETITION FOR WRIT OF HABEAS CORPUS

___Robert E. Cote'___
Petitioner

        vs. San Quentin          No. ___E042189___
                                      (To be supplied by the Clerk of the Court)
___State Prison Warden Ornoski___
Respondent  Mr Ayers is the new Warden

## INSTRUCTIONS – READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Form Approved by the
Judicial Council of California
MC-275 (Rev. January 1, 1999)

PETITION FOR WRIT OF HABEAS CORPUS

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

COPY

COURT OF APPEAL -- STATE OF CALIFORNIA
FOURTH DISTRICT
DIVISION TWO

**<u>ORDER</u>**



COURT OF APPEAL FOURTH DISTRICT

In re                                          E042189

ROBERT G. COTÉ                        (Super.Ct.Nos. CR14102 &
                                                    RIC459415)
on Habeas Corpus.
                                                    The County of Riverside

THE COURT

The petition for writ of habeas corpus is DENIED.


KING
                                                              Acting P. J.


cc:    See attached list



*Proof of Service – Mail*

## PROOF OF SERVICE

Re:  Case Number  E042189

  Case Title  *Robert G. Cole on H.C.*

I hereby declare that I am a citizen of the United States, am over 18 years of age, and am/am not a party in the above-entitled action. I am employed in/reside in the County of ~~SUPREME COURT OF CALIF.~~ and my business/residence address is ~~OFFICE OF THE CLERK~~ 350 McAllister St., Rm 1295 San Francisco, CA 94102-4797. On ____ FEB 8 - 2007 ____, I served the attached document described as a *petition for review*

on the parties in the above-named case. I did this by enclosing true copies of the document in sealed envelopes with postage fully prepaid thereon. I then placed the envelopes in a U.S. Postal Service mailbox in _____, California, addressed as follows:

*A G LA*

COURT OF APPEAL
4TH DISTRICT - DIVISION 2
3389 TWELFTH STREET
RIVERSIDE, CA. 92501

I, *R. Gilmore*, declare under penalty of perjury that the foregoing is true and correct.

~~Executed on~~ ~~SUPREME COURT OF CALIF.~~ ~~FEB 8 - 2007~~, at _____
~~OFFICE OF THE CLERK~~, California.
350 McAllister St., Rm 1295
San Francisco, CA 94102-4797

_____
*R. Gilmore*
Signature